798 F.2d 1408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert L. KELLER, Petitioner,
v.
CONSOLIDATION COAL COMPANY and Director, Office of Workers'
Compensation Programs and the United States
Benefits Review Board, Respondents.
 No. 84-1892.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 15, 1986.
Decided Aug. 27, 1986.
 
 H. John Taylor on brief, for appellant.
 Douglas A. Smoot, Jackson, Kelly, Holt & O'Farrell on brief, for appellee.
 Ben.Rev.Bd.
 AFFIRMED.
 Before PHILLIPS, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appeal in this black lung case was held in abeyance awaiting our en banc decision in Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir. 1986). The appeal has now been submitted and considered on the briefs without oral argument. We find there is substantial evidence to support the decision of the Benefits Review Board, and we affirm.
 
 
 2
 Robert Keller was born in 1922 and began working in the coal mines as a teenager. He worked until 1975, at which time he suffered a heart attack. He has had various problems with stomach ulcers, kidneys, alcoholism, sclerosis of the liver, and obesity. He has also smoked cigarettes for a number of years. Beginning in 1975, he had numerous chest x-rays, all of which were negative. His ventilatory studies were also negative, but the interim presumption of disability due to coal miner's pneumoconiosis was invoked under 20 C.F.R. S 727.203(a)(3) (1986) as a result of a gas study done on july 20, 1978. The administrative law judge found that this presumption was rebutted by the more recent medical reports that Keller's mild to moderate respiratory impairment did not arise out of coal mine employment and that such respiratory abnormality was not sufficient to prevent the claimant from doing his regular coal mine work. In reaching this conclusion, the administrative law judge found that when all of the relevant medical evidence was considered and weighed, the presumption had been rebutted under 20 C.F.R. S 727.203(b)(2) (1986). The invocation and rebuttal of the presumption are consistent with our opinion in Stapleton V. Westmoreland Coal co., supra. From our review of the record, we find there is substantial evidence in the various medical reports to support the findings.
 
 
 3
 AFFIRMED.